MARCO J. SORTILLON AND MARGARET A. SORTILLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sortillon v. Commissioner
Docket No. 10105-79.
United States Tax Court
T.C. Memo 1982-76; 1982 Tax Ct. Memo LEXIS 668; 43 T.C.M. (CCH) 552; T.C.M. (RIA) 82076; February 16, 1982. *668 Marco J. Sortillon, pro se. Ronald Dalrymple, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. FINDINGS OF FACT AND OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency of $ 4,300.97 in petitioners' 1975 Federal income tax, and imposed an addition to tax as provided under section 6653(a) [1] in the amount of $ 215.15. Concessions having been made by the parties, the remaining issue for decision is whether petitioners are liable for the addition to tax provided by section 6653(a) due to negligence or intentional disregard of the rules and regulations. Some of the facts have been stipulated by the parties and are found accordingly. Petitioners resided in Pomona, California, when they filed their petition in this case. Petitioners filed *669 a 1975 income tax return reporting the wages of petitioner Marco A. Sortillon (hereinafter referred to as petitioner) as well as interest income, itemized deductions and taxes withheld. In computing his tax liability, however, petitioner "discounted" the currency equivalent of his wages and deductions to what he contended was the fair market value of Federal Reserve Notes. Petitioner's calculations showed no tax liability. He claimed, and was tenatively allowed, a full refund of his 1975 withholding. Subsequently, respondent issued a notice of deficiency based upon including the full amount of his wages, in his gross income, and disallowances of the itemized deductions and exemptions claimed. Before trial, the parties agreed to petitioner's entitlement to dependency exemptions and itemized deductions. Further by order dated August 4, 1981, this Court granted respondent's motion for partial summary judgment determining that petitioners had the amount of gross income determined in the notice of deficiency and rejecting petitioners' various arguments that he is entitled to "discount" the amount of his wages based upon his perceived value of Federal Reserve Notes. Accordingly, *670 the only issue remaining for decision is whether petitioner intentionally disregarded respondent's rules and regulations so as to be liable for the addition to tax provided by section 6653(a). Petitioner contends that he in good faith believed he was entitled to discount the amount of his wages based upon his argument that Federal Reserve Notes are worth less than their face value. In a case filed by petitioner in this Court involving the taxable year 1976, Sortillon v. Commissioner,T.C. Memo. 1979-281, we characterized this contention as "frivolous" and stated that "What the petitioner got from his employer was in essence money having a face value equal to the amount of the payroll checks he received." Petitioner is an intelligent and educated person, and he claims to have done extensive inquiry, research and analysis regarding the Federal tax laws and the monetary system. We believe that if he in fact made such an analysis, he would have concluded, as did this Court, that his contentions regarding his entitlement to discount the face amount of his payroll checks were frivolous. Petitioner relies upon correspondence between himself and representatives of respondent, *671 which he contends establishes he in good faith sought to determine respondent's position regarding taxpayer's right to discount his earnings in arriving at his tax liability. However, we note that the first correspondence relied upon by petitioner was dated March 21, 1976, and was attached by him to his 1975 income tax return. Therefore, he did not in good faith seek respondent's ruling as to the validity of the discount he intended to utilize in calculating his 1975 income tax return before he filed that return. Rather, petitioner claimed a discount on the return and correspondently wrote a letter to respondent, which was as much an argument in support of the position he had already taken on the return as it was an inquiry. Moreover, our review of petitioner's testimony, the correspondence submitted, and his constant pursual of his position in this case irrespective of the Court's rejection of that same position in the prior case, leads us to conclude that petitioner had firmly decided to eliminate his 1975 tax liability based upon his monetary theory irrespective of the validity of the theory. Accordingly, we conclude that petitioner intentionally disregarded respondent's *672 rules and regulations, and therefore is liable for the addition to tax provided by section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩